Maurice Harmon
Harmon & Seidman LLC
11 Chestnut Street
New Hope, PA 18938
Tel: (917) 516-4434
E-mail: maurice@harmonseidman.com
*Attorney for Plaintiff Michael Keller*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL KELLER,

        Plaintiff,

v.

MCGRAW-HILL GLOBAL EDUCATION HOLDINGS, LLC and MCGRAW-HILL SCHOOL EDUCATION HOLDINGS, LLC

        Defendants.

Case No.

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff Michael Keller ("Keller"), for his Complaint against Defendants McGraw-Hill Education Global Education Holdings, LLC and McGraw-Hill School Education Holdings, LLC (collectively "MHE") alleges:

**STATEMENT OF ACTION**

1. This is an action for copyright infringement brought by Keller, the owner of copyrights to the photographs ("Photographs") described hereafter and originally licensed for limited use by MHE, against MHE for unauthorized uses of Plaintiff's photographs.

**PARTIES**

2. Keller is a professional photographer who makes his living by creating and licensing photographs. He resides in Beach Lake, Pennsylvania.

3. MHE is a sophisticated global publisher incorporated in Delaware. MHE sells and distributes its publications in the Eastern District of Pennsylvania and throughout the United States,

COMPLAINT

and overseas, including the publications and ancillary materials in which Plaintiff's photographs are unlawfully reproduced.  At all times pertinent to the allegations herein, MHE acted through or in concert with its various imprints, divisions, subsidiaries, affiliates, and/or third parties.

## JURISDICTION

4. This is an action for injunctive relief, statutory damages, monetary damages, and interest under the copyright laws of the United States.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338 (copyright).

## VENUE

5. Venue is appropriate in this District pursuant to 28 U.S.C. §§ 1391(a) and (b) and 28 U.S.C. §§ 1400(a).

## FACTS COMMON TO ALL COUNTS

6. Keller is the owner of copyrights in the attached photographic images ("Photographs") depicted in Exhibit 1.

7. The Photographs have been registered with the United States Copyright Office or have pending copyright registrations.  For the Photograph with a pending registration, a complete application, fees, and deposit materials for copyright registration have been received by the Copyright Office in compliance with the Copyright Act, 17 U.S.C. §§ 101, *et seq*.

8. Keller entered into a series of contractual agreements ("the Agreements") with The Stock Market ("TSM"), a stock-photo licensing agency, between 1988 and 2001 (Exhibit 2).  The Agreements authorized TSM to issue limited licenses for use of Keller's images by third parties, in exchange for reasonable license fees.

9. The Agreements specified that TSM would not license any images "on a buy-out or exclusive basis" without prior consent. (Exhibit 2a, page 1, Exhibit 2c, ¶ 1(d)).

10. Keller's TSM Agreement was assigned to Corbis Corporation ("Corbis") in or around 2001.

11. In 2003, Keller entered into a representation agreement with Corbis, which authorized Corbis to grant third parties limited use licenses for his photographs.  A true and correct

copy of the agreement between Keller and Corbis ("Corbis Agreement") is attached hereto as Exhibit 3.

12. Upon information and belief, between 1990 and 2010, and in response to permission requests from MHE, TSM and Corbis sold MHE limited licenses to use copies of the Photographs in numerous educational publications. *See* Exhibit 1, which includes information from Keller's royalty statements from TSM and Corbis. Exhibit 1 identifies Keller's image ID and image description; the TSM or Corbis Invoice number and date; and the MHE imprint that licensed Keller's image(s). Exhibit 1 also identifies additional license information, including publication title and usage limitations, where known.

13. Upon information and belief, the licenses granted to MHE from TSM and Corbis were expressly limited by number of copies, distribution area, image size, language, duration and/or media (print or electronic).

14. Upon information and belief, at the time MHE represented to TSM and Corbis that it needed specified, limited licenses to use Keller's photographs, MHE often knew its actual uses under the licenses would exceed the usage rights it was requesting and paying for.

15. Shortly after obtaining the licenses, upon information and belief MHE exceeded the licenses and infringed Plaintiff's copyrights in various ways, including:

   a. printing more copies of the Photographs than authorized;
   b. distributing publications containing the Photographs outside the authorized distribution area;
   c. publishing the Photographs in electronic, ancillary, or derivative publications without permission;
   d. publishing the Photographs in international editions and foreign publications without permission;
   e. publishing the Photographs beyond the specified time limits.

16. Upon information and belief, after obtaining access to the Photographs, MHE used them without any license or permission in additional publications that have not yet been identified.

Because MHE alone knows of these wholly unauthorized uses, Plaintiff cannot further identify them without discovery.

17. MHE alone knows the full extent to which it has infringed Keller's copyrights by making unauthorized uses of the Photographs, but it has not shared this knowledge with Keller.

18. Other photographers and stock photography agencies have brought copyright infringement claims against MHE nearly identical to those asserted by Keller in this action. Since 2011, MHE has been sued for copyright infringement in furtherance of the scheme described herein in the following actions:

  a. *Viesti Associates, Inc. v. The McGraw-Hill Companies, Inc.*, No. 11-cv-01237 (D. Colo.);

  b. *Gibson et al v. The McGraw-Hill Companies, Inc.* No. 11-cv-02765-JPO (S.D.N.Y.);

  c. *Muench Photography, Inc. v. The McGraw-Hill Companies, Inc.*, No. 12-cv-06595 (S.D.N.Y);

  d. *DRK Photo v. The McGraw-Hill Companies Incorporated et al*, No. 12-cv-08093 (D. Ariz.);

  e. *Grant Heilman Photography, Inc. v. The McGraw-Hill Companies*, *Inc.*, No. 12-cv-02061 (E.D. PA);

  f. *Viesti Associates, Inc. v. The McGraw-Hill Companies, Inc.*, No. 12-cv-00668 (D. Colo.);

  g. *Frerck v. The McGraw-Hill Companies, Inc.* No. 12-cv-07516 (N.D. Ill.);

  h. *Panoramic Stock Images, Ltd v. McGraw-Hill Global Educ. Holdings, LLC et al. 12-cv-09881 (N.D. Ill.);*

  i. *Young-Wolff v. The McGraw Hill Companies, Inc.* No. 13-cv-04372 (S.D.N.Y.);

  j. *Lefkowitz v. The McGraw-Hill Companies, Inc.* No. 13-cv-05023 (S.D.N.Y.);

  k. *McGraw-Hill Global Education Holdings LLC et al v. Lewine* No. 13-cv-4338 (S.D.N.Y.);

  l. *Englebert et al v. McGraw-Hill Global Education Holdings LLC et al,* No. 14-cv-02062 (E.D. PA);

COMPLAINT

m. *Gordon v. McGraw-Hill Global Education Holdings LLC et al,* No. 14-cv-3988 (E.D. PA);

n. *McGraw-Hill Global Education Holdings LLC et al v. Jon Feingersh Photography, Inc.* No. 14-cv-5050 (S.D.N.Y.);

o. *McGraw-Hill Global Education Holdings LLC et al v. Minden Pictures, Inc.* No. 15-cv-00243 (S.D.N.Y.);

p. *Clifton v. McGraw-Hill Global Education Holdings LLC et al.,* No. 15-cv- (N.D. CA);

q. *Steinmetz v. McGraw-Hill Global Education Holdings LLC et al.,* No. 2:15-cv-06600-ER (E.D.PA); and

r. *Eastcott v. v. McGraw-Hill Global Education Holdings LLC et al.,* No. 2:16-cv-00904-GAM (E.D.PA).

19. The following examples of unauthorized printings illustrate MHE's practice of infringing copyrights in photographs:

a. MHE licensed to print 57,000 copies of images in *Personal Finance, 7th Edition*. It printed 148,674 copies.

b. MHE licensed to print 59,600 copies of images in *Computing Essentials, 2005, 16th Edition*. It printed 165,736 copies.

c. MHE licensed to print 100,000 copies of images in *Health and Wellness,* © 2005. It printed 250,790.

d. MHE licensed to print 100,000 copies of images in *Teen Health, 2007*. It printed 313,226.

20. Numerous instances of MHE's infringements are summarized in documents filed in two parallel cases, *Gordon v. McGraw-Hill Global Education Holdings LLC et al,* No. 14-cv-3988 (E.D. PA) and *McGraw-Hill Global Education Holdings LLC et al v. Jon Feingersh Photography, Inc.* No. 14-cv-5050 (S.D.N.Y.). *See* Exhibits 4 and 5 attached hereto.

21. On September 23, 2014, a jury sitting in the Eastern District of Pennsylvania found MHE liable for copyright infringement of 38 photographs in 11 textbooks by the same scheme Plaintiff alleges here. *See Grant Heilman Photography, Inc. v. McGraw-Hill School Education*

*Holdings, LLC, et al.*, No. 5:12-cv-2061-MMB (Doc. 180, Judgment).  The jury awarded $127,087 in actual damages and profits to that stock photography agency for those infringements.

22. On November 25, 2014, Judge Rebecca Pallmeyer in the Northern District of Illinois found MHE liable on summary judgment for 81 counts of copyright infringement for engaging in the same scheme Plaintiff alleges here (". . . McGraw-Hill violated the licensing agreements in three distinct ways: print overruns, distribution outside the authorized geographic areas, and unlicensed reproductions in electronic media.").  *See Panoramic Stock Images, Ltd. v. McGraw-Hill Global Education Holdings, LLC et al.,* No. 1:12-cv-09881 (Doc. 85, Memorandum Opinion and Order, p. 13).

23. All exhibits attached hereto are incorporated into this Complaint by this reference.

## COUNT I

## COPYRIGHT INFRINGEMENT AGAINST MHE

24. Plaintiff incorporates herein by this reference each and every allegation contained in the paragraphs set forth above.

25. The foregoing acts of MHE constitute infringements of Plaintiff's copyrights in the Photographs in violation of 17 U.S.C. §§ 501 et seq.

26. Plaintiff suffered damages as a result of MHE's unauthorized use of the Photographs.

WHEREFORE, Plaintiff requests the following:

1. A preliminary and permanent injunction against Defendants and anyone working in concert with Defendants from copying, displaying, distributing, selling or offering to sell Plaintiff's Photographs described in this Complaint and Plaintiff's photographs not included in suit.

2. As permitted under 17 U.S.C. § 503, impoundment of all copies of Plaintiff's Photographs used in violation of Plaintiff's exclusive copyrights as well as all related records and documents and, at final judgment, destruction or other reasonable disposition of the unlawfully used Photographs, including digital files and any other means by which they could be used again by Defendants without Plaintiff's authorization.

3. An award of Plaintiff's actual damages and all profits derived from the unauthorized use of Plaintiff's Photographs or, where applicable and at Plaintiff's election, statutory damages.

4. An award of Plaintiff's reasonable attorneys' fees.

5. An award of Plaintiff's court costs, expert witness fees, interest and all other amounts authorized under law.

6. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues permitted by law.

DATED: April 12, 2016

Plaintiff Michael Keller, by his attorneys,

*/s/ Maurice Harmon*

Harmon & Seidman LLC
11 Chestnut Street
New Hope, PA 18938
Tel: (917) 516-4434
E-mail: maurice@harmonseidman.com