**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| MICHAEL KELLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 2:16-cv-01778-JHS |
| v. | ) |
| | ) |
| McGRAW-HILL GLOBAL EDUCATION | ) |
| HOLDINGS, LLC, and | ) |
| McGRAW-HILL SCHOOL EDUCATION | ) |
| HOLDINGS, LLC, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS' MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)**

Defendants McGraw-Hill Global Education Holdings, LLC and McGraw-Hill School

Education Holdings, LLC (collectively herein, "McGraw-Hill"), by and through their

undersigned counsel, respectfully submit this memorandum of law in support of their motion to

transfer the venue of this civil action to the Southern District of New York pursuant to 28 U.S.C.

§ 1404(a).

**Introduction**

Plaintiff Michael Keller, a stock photographer who has worked for decades in New York

with the photo agency Corbis Corp. ("Corbis") and its predecessor The Stock Market ("TSM"),

has brought this suit for copyright infringement in Philadelphia even though both his own

contracts with Corbis and TSM, as well as those agencies' contracts with McGraw-Hill, all

*require* the litigation of any dispute arising from those contracts to be brought in New York.

Under these circumstances, the U.S. Supreme Court has made abundantly clear that a case such as this must be transferred under 28 U.S.C. § 1404(a).  *See Atl. Marine Const. Co. v. U.S. Dist. Ct.*, 134 S. Ct. 568, 575 (2013) (holding that a trial court should uphold valid, mandatory forum-selection clauses in all but the most unusual circumstances, and must apply an analysis weighted heavily in favor of ensuring the action proceeds in the contractually agreed-upon forum).

Moreover, Mr. Keller's counsel are abundantly well aware of the impropriety of their pursuing this action in Philadelphia, as they have lost multiple transfer motions in prior cases involving claims with exactly the same forum-selection clauses in the invoicing from Corbis as are implicated in this case.  *See Muench Photography, Inc. v. McGraw-Hill Cos.*, No. 3:12-cv-02473-EMC (N.D. Cal. July 13, 2012) (Amended Civil Minutes, Dkt. No. 27); *Lefkowitz v. McGraw-Hill Cos.*, No. 13-1661, 2013 WL 3061549, at *4 (E.D. Pa. June 19, 2013) (Schiller, J.); *Lefkowitz v. John Wiley & Sons, Inc.*, No. 13-1662, 2013 WL 4079923, at *2 (E.D. Pa. Aug. 13, 2013) (Baylson, J.); *Jon Feingersh Photography, Inc. v. Houghton Mifflin Harcourt Publ'g Co.*, No. 13-2378, 2014 WL 716723, at *3-4 (E.D. Pa. Feb. 25, 2014) (Slomsky, J.).[1]

Indeed, one of those cases — the *Feingersh* matter, which was assigned the same judicial officer now assigned to this case — involved **the very same** forum-selection clause as is at issue in this matter.  *Feingersh*, 2014 WL 716723, at *3-4 (Judge Slomsky's order transferring case based on Corbis forum-selection clause).  In addition, another of the prior cases — the *Lefkowitz* matter, which was assigned the Hon. Berle M. Schiller — involved one of **the very same**

---

[1] Pursuant to its duty of candor to the tribunal, McGraw-Hill acknowledges the contrary decision by the Hon. Anita B. Brody in *Jon Feingersh Photography, Inc. v. Pearson Educ., Inc.*, 978 F. Supp. 2d 463 (E.D. Pa. 2013), involving a similar motion to transfer based on the Corbis forum-selection clauses. McGraw-Hill notes, however, as discussed further below, Judge Brody's ruling in the *Pearson* case was issued prior the U.S. Supreme Court's controlling decision in *Atlantic Marine Construction*, and thus, it was without regard to the fundamental change in the analysis of interests that courts must now apply under 28 U.S.C. § 1404(a) when there is a mandatory forum-selection clause applicable to the claims.

invoices that Mr. Keller has now pleaded in this case.  *See* Declaration of Christopher P. Beall ("Beall Decl.") ¶ 7 (filed herewith); *Lefkowitz*, 2013 WL 3061549, at *4 (Judge Schiller's order transferring case based on Corbis forum-selection clause).  (It is worth noting that this *Lefkowitz* case against McGraw-Hill, following its transfer to the Southern District of New York, is now scheduled to go to trial in July this year, when McGraw-Hill's defenses based on its dealings with Corbis and Corbis's awareness of potential claims, including claims based on some of the same invoices pleaded in this case, will be fully adjudicated before the Hon. Katharine P. Failla. *See* Beall Decl. ¶ 4.)

Thus, at this earliest stage of litigation, McGraw-Hill respectfully requests that the Court transfer venue of this case to the Southern District of New York.

**Factual Background**

Mr. Keller is a photographer who licensed his stock photos to the stock photo agencies Corbis and TSM beginning as far back as 1990, and those agencies in turn offered those photos to various publishers, including McGraw-Hill, for a few hundred dollars.  Compl. ¶¶ 2, 8, 12. McGraw-Hill is, among other things, a publisher of textbooks and other educational products for kindergarten through 12th grade, college, and post-graduate students.  *Id.* ¶ 3.  In this case, Mr. Keller is suing based on invoicing issued to McGraw-Hill by Corbis and TSM between 1990 and 2010.  *Id.* ¶ 12.  Both of these agencies issued their invoices out of New York, and McGraw-Hill's transactions with them were based in New York.  *See* Beall Decl. ¶ 3.

Mr. Keller bases his copyright claims on broad, conclusory allegations that McGraw-Hill has exceeded the purported print run parameters and other terms in the Corbis and TSM invoices. Compl. ¶¶ 12-15.  The photos at issue in this matter are depicted in Exhibit 1 to the Complaint. *Id*. ¶ 6 & Ex. 1 (Dkt. No. 1-1).  Mr. Keller's representation agreements with TSM and Corbis are

attached as Exhibits 2a, 2b, 2c, 2d, 2e, and 3 to the Complaint.  *Id.* Exs. 2 & 3 (Dkt. No. 1-2 &

1-3).  These agreements *require* all disputes between Mr. Keller and Corbis to be brought in

New York.  *See id.* Ex 2a (Dkt. No. 1-2, at 8 of 51); Ex. 2b (Dkt. No. 1-2, at 17 of 51); Ex. 2c

(Dkt. No. 1-2, at 28 of 51); Ex. 2d (Dkt. No. 1-2, at 40 of 51); Ex. 2e (Dkt. No. 1-2, at 50 of 51);

Ex. 3 (Dkt. No. 1-3, at 7 of 12) ("In any action arising out of this Agreement, you consent to the

personal jurisdiction and the *exclusive venue* of the state and federal courts sitting in New York

City, New York." (emphasis added)).

In addition, at all times relevant to the claims in this action, the invoicing issued by TSM

and Corbis contained similar mandatory forum-selection clauses that specified New York as the

venue for any action arising from such invoices.  *See* Beall Decl. ¶ 3.  Beginning in 2003,

McGraw-Hill Education negotiated a succession of extensive vendor agreements with Corbis

which also contained mandatory forum-selection clauses specifying New York as the venue for

any litigation concerning the parties' stock photo transactions.  Declaration of Bonnie Beacher

("Beacher Decl.") ¶ 4 (filed herewith); *see also id.* ¶¶ 4-6, Ex. A ("Special Volume-Based

Pricing Agreement" with an effective date of January 1, 2003 ("2003 PPA")); Ex. B ("Special

Volume-Based Pricing Agreement," with an effective date of May 1, 2006 (the "2006 PPA)); Ex.

C ("Preferred Pricing Agreement," with an effective date of February 27, 2009 (the "2009

PPA")).

All of the Corbis PPAs, and the underlying TSM and Corbis invoicing, include the

following forum-selection provision, in exactly the same language:

> Any dispute regarding this Agreement shall be governed by the
> laws of the State of New York, and by Titles 15, 17 and 35 of the
> U.S.C., as amended, and the parties agree to accept the ***exclusive
> jurisdiction*** of the state and federal courts located in New York,
> New York, regardless of conflicts of laws.

Beacher Decl., Ex A at 9 (emphasis added); *id*., Ex. B at 8 (emphasis added); *id*., Ex. C at 11 (emphasis added); *see also* Beall Decl. ¶ 3.  On the strength of these forum-selection clauses, two prior litigations brought by Mr. Keller's attorneys against McGraw-Hill, which were likewise improperly filed in the wrong fora, have been transferred to the only appropriate forum, the Southern District of New York.  *Muench Photography*, No. 3:12-cv-02473-EMC (N.D. Cal. July 13, 2012) (Amended Civil Minutes, Dkt. No. 27) (transferring case from San Francisco to New York based on the Corbis forum-selection clauses); *Lefkowitz*, 2013 WL 3061549, at \*5 (transferring case from Philadelphia to New York based on the Corbis forum-selection clauses).

Remarkably, a significant number of the invoices Mr. Keller has pleaded in the claim chart attached to Exhibit 1 to the Complaint are already pending or have already had the underlying infringement contentions resolved by the courts in the Southern District of New York.  Thus, for example:

- In *Muench Photography, Inc. v. McGraw-Hill Education*, No. 1:12-cv-06595-LAP (S.D.N.Y.), Mr. Keller's counsel has pleaded claims in that case based on two Corbis invoices, Invoice Nos. 511739 and 838155, which are the same two invoices pleaded by Mr. Keller at Rows 106 and 157 of the claim chart in Exhibit 1 in this case.  *See* Compl., Ex. 1 at rows 106 & 157; *see also* Beall Decl. ¶ 5.

- In *McGraw-Hill Education v. Robert Lewine*, No. No. 1:13-cv-04338-NR (S.D.N.Y.), Mr. Keller's counsel litigated and obtained discovery[2] on claims based on thirty-two Corbis invoices, Invoice Nos. 228168, 260318, 266725,

---

[2] McGraw-Hill notes that it has informed Mr. Keller's counsel that all discovery obtained in those attorneys' other cases against McGraw-Hill may be used in any of their litigations against McGraw-Hill, including this case, subject to the maintenance of the same level of confidentiality as initially ascribed to the discovery materials.  Beall Decl. ¶ 10.

280829, 300355, 312839, 440668, 474338, 501030, 504921, 527702, 572736, 612662, 64598, 686005, 695376, 741924, 790871, 802870, 807282, 807325, 815352, 830075, 830109, 6004330, 6023834, 6094569, 7071419, 7076104, 7091222, 8065820, and 9009657, which are the same invoices pleaded by Mr. Keller at Rows 58-60, 65, 69-76, 77, 82, 85, 99, 101, 104, 108, 112, 117, 122-24, 127, 133, 134, 137, 141-44, 147, 148, 149-50, 151, 154, 155, 158-62, 165-69, 187-88, 204, 206-07, 212, 234, and 246 of the claim chart in Exhibit 1 in this case.  *See* Compl., Ex. 1 at row 58-60, 65, 69-76, 77, 82, 85, 99, 101, 104, 108, 112, 117, 122-24, 127, 133, 134, 137, 141-44, 147, 148, 149-50, 151, 154, 155, 158-62, 165-69, 187-88, 204, 206-07, 212, 234, & 246; *see also* Beall Decl. ¶ 6.

- In *Lefkowitz v. McGraw-Hill Education*, No. 1:13-cv-05023-KPF (S.D.N.Y), Mr. Keller's counsel litigated, obtained discovery, and lost a summary judgment motion on claims based on six Corbis invoices, Invoices Nos. 260125, 303876, 309721, 6065096, 6065172, and 7020233, which are the same invoices pleaded by Mr. Keller at Rows 64, 83, 84, 178-79, 180, and 199 of the claim chart in Exhibit 1 in this case.  *See* Compl., Ex. 2 at rows 64, 83, 84, 178-79, 180, & 199; *see also* Beall Decl. ¶ 7.

- In *McGraw-Hill Education v. Jon Feingersh Photography, Inc.*, No. 1:14-cv-05050-GBD (S.D.N.Y.), Mr. Keller's counsel litigated and obtained discovery on claims based on nine Corbis invoices, Invoice Nos. 280964, 337633, 494220, 5277702, 686005, 7091222, 8033908, 9003476, and 9009657, which are the same invoices pleaded by Mr. Keller at Rows 78, 88, 102, 108, 133, 212, 225, 242-43,

and 246 of the claim chart in Exhibit 1 in this case.  *See* Compl., Ex. 1 at rows 78, 88, 102, 108, 133, 212, 225, 242-43, & 246; *see also* Beall Decl. ¶ 8.

In fact, in the *Lewine* matter, Mr. Keller's attorneys previously acknowledged that they had no basis for asserting liability with regard to some thirteen of the invoices that have now been asserted in this case, encompassing fully twenty-four of Mr. Keller's claims.  *See* Beall Decl. ¶ 6.  Similarly, in the *Feingersh* matter, Mr. Keller's attorneys previously agreed to stipulate to the dismissal of claims in that case involving five of the invoices that they are now asserting this case.  *See id.* ¶ 8.  And finally, one of invoices that Mr. Keller is now pleading in this case, Corbis Inv. No. 7020233, was already the subject of a January 28, 2016 summary judgment disposition by Southern District of New York, finding that were no disputes of fact as to McGraw-Hill's non-liability for the purported, but ultimately unproven, allegations of violations of that invoice's terms under the applicable Corbis PPAs.  Beall Decl. ¶¶ 4, 9 & Ex. A.

In addition to the forum-selection clauses specifying New York as the venue for any litigation of Mr. Keller's claims, it is also indisputable that the TSM and Corbis invoicing at issue in this case was issued from those companies' offices in New York, and the witnesses with Corbis who have knowledge of McGraw-Hill's dealings and agreements with Corbis are also all based or reside in New York.  *Id.* ¶ 3.

## Argument

I. **PLAINTIFF'S CLAIMS BASED ON THE CORBIS AND TSM INVOICES MUST BE TRANSFERRED IN LIGHT OF THE MANDATORY FORUM-SELECTION CLAUSE**

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have

consented."  Further, in light of *Atlantic Marine Construction*, the convenience factors that otherwise are relevant under Section 1404(a) all collapse into a single inquiry when there is a mandatory forum-selection clause, as there is here.  *See* 134 S. Ct. at 575 ("When a defendant files such a [transfer] motion, we conclude, a district court should transfer the case unless ***extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer***." (emphasis added)).  In this context, Mr. Keller cannot meet his heavy burden to overcome the presumption in favor of New York as the venue for this civil action based on the Corbis forum-selection clauses.  *See id.* at 582 ("[F]orum-selection clauses should control except in unusual cases.  Although it is 'conceivable in a particular case' that the district court 'would refuse to transfer a case notwithstanding the counterweight of a forum-selection clause,' such cases will not be common." (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 30-31 (1988))).

### A.     The Corbis and TSM Forum-Selection Clauses Bind Plaintiff to New York as the Forum for this Dispute

In the Third Circuit, "forum selection clauses are 'prima facie valid and should be enforced unless enforcement is shown by the resisting party to be "unreasonable" under the circumstances.'"  *Foster v. Chesapeake Ins. Co., Ltd.*, 933 F.2d 1207, 1219 (3d Cir. 1991) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972)); *see also Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 880 (3d Cir. 1995); *Danganan v. Guardian Protection Servs.*, No. 15-4035, 2015 WL 6103386, at *3-4 (E.D. Pa.) (Bartle, J.), *order entered by* 2015 WL 6103395 (E.D. Pa. Oct. 16, 2015).  Courts will find a forum selection clause to be unreasonable only upon a "strong showing" by the party opposing enforcement of the clause that (1) "the forum selected is so gravely difficult and inconvenient that the party will for all practical purposes be deprived of his day in court"; (2) "the clause was procured through fraud or

8

overreaching"; or (3) "enforcement would run counter to a strong public policy of the forum where the lawsuit was brought." *Campanini v. Studsvik, Inc.*, No. Civ. A. 08-5910, 2009 WL 926975, at *5 (E.D. Pa. Apr. 6, 2009) (Schiller, J.) (internal citations and quotation marks omitted); *see also MoneyGram Payment Sys., Inc. v. Consorcio Oriental, S.A.*, 65 F. App'x 844, 847-48 (3d Cir. 2003) ("[A] valid forum selection clause [should be] given controlling weight in all but the most exceptional case." (citation and internal quotation marks omitted)).

Because Mr. Keller's claims here are premised on his contentions that McGraw-Hill has violated restrictions in the Corbis and TSM invoices, he is bound by the forum-selection clauses pertaining to those invoices. *See First Fin. Mgmt. Grp., Inc. v. Univ. Painters of Baltimore, Inc.*, No. Civ. A. 11-5821, 2012 WL 1150131, at *3 (E.D. Pa.) ("[I]t is widely accepted that non-signatory third-parties who are closely related to [a] contractual relationship are bound by forum selection clauses contained in the contracts underlying the relevant contractual relationship." (internal citations and quotation marks citations omitted)), *order entered by* 2012 WL 1150132 (E.D. Pa. Apr. 5, 2012).  Indeed, even Mr. Keller himself has alleged that Corbis and TSM entered into the invoice transactions with McGraw-Hill on his own behalf.  *See* Compl. ¶ 8.  In this regard, Mr. Keller cannot walk away from the invoices' forum-selection clauses while he simultaneously seeks to enforce those very invoices.

Moreover, there can be no dispute that the language of the forum-selection clauses here is mandatory and designates New York as the exclusive venue for all disputes.  *See Wall St. Aubrey Golf, LLC v. Aubrey*, 189 F. App'x 82, 85-86 (3d Cir. 2006) (words such as "exclusive," "sole," and "shall" indicate that forum selection clause is mandatory).  There are no facts here on which the Court should find the forum selection clauses unreasonable.  The Southern District of New York would not be a "gravely difficult and inconvenient" forum for Mr. Keller, given that he

resides only 107 miles from the Southern District of New York's Manhattan courthouse and his

attorneys are litigating other cases in that District.  (In fact, Mr. Keller's lead counsel in this case,

Maurice Harmon, is admitted to the Bar of that District.)  Nor is there any suggestion that the

forum-selection clauses were the result of "fraud or overreaching."  Finally, Pennsylvania has no

public policy that would disfavor the transfer of a case involving federal copyright claims to

New York.

Thus, as numerous prior courts have found in cases litigated by Mr. Keller's counsel

against McGraw-Hill, the Corbis and TSM forum-selection clauses are binding on Mr. Keller

here.  *See Muench Photography*, No. 3:12-cv-02473-EMC (N.D. Cal. July 13, 2012) (Am. Civil

Minutes, Dkt. No. 27); *Lefkowitz*, 2013 WL 3061549, at *4; *see also Lefkowitz*, 2013 WL

4079923, at *2; *Jon Feingersh Photography*, 2014 WL 716723, at *3-4.

**B.      No Private Interests May Be Considered in Light of the Forum-Selection
          Clauses Specifying New York**

In the Supreme Court's 2013 decision in *Atlantic Marine Construction*, the Court

reaffirmed that the only question in situations where a binding, exclusive forum-selection clause

applies to a set of claims is whether the "interests of justice" — the public-interest calculations

— weigh so heavily in favor of keeping a litigation in a misfiled forum that the trial court should

then ignore the applicable forum selection.  *Atl. Marine Const.*, 134 S. Ct. at 581.  Indeed, "[t]he

calculus changes . . . when the parties' contract contains a valid forum-selection clause, which

'represents the parties' agreement as to the most proper forum.'"  *Id*. (quoting *Stewart*, 487 U.S.

at 31).

In particular, *Atlantic Marine Construction* mandates three critical changes to the typical

analysis when an exclusive forum-selection clause is at issue in a transfer motion:  (1) the

plaintiff's choice of forum merits no weight; (2) the court should not consider arguments about

the parties' private interests; and (3) "when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules." *Id.* at 582. "***As a consequence, a district court may consider arguments about public-interest factors only***." *Id.* (emphasis added). "Public-interest factors may include 'the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law.'" *Id.* at 581 n.6 (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)). Moreover, where, as here, a plaintiff has defied the parties' forum selection clause by filing in a non-chosen forum, the plaintiff "bear[s] the burden of showing that public-interest factors overwhelmingly disfavor a transfer." *Id.* at 583; *see also Vesey v. Dell Sys., Inc.*, No. 15-1487, 2015 WL 9474687, at *6 (E.D. Pa. Dec. 29, 2015) (Slomsky, J.).

In this context, the *Atlantic Marine Construction* analysis weighs heavily in favor of transfer. This case is at the very earliest stages of litigation, and as a result, transfer would pose no particular administrative difficulties. This Court has not yet decided any motions, or adjudicated any discovery disputes. Moreover, that Mr. Keller's claims are covered by forum-selection clauses is (and was) well known to Mr. Keller's counsel. As noted above, several courts have already granted transfer motions to New York in other cases brought by Mr. Keller's attorneys based on claims involving the exact same forum-selection clauses involving exactly the same Corbis and TSM agreements. In fact, as outlined above, three cases in the Southern District of New York have involved overlapping invoices to those that have been pleaded here. Further, the *Lefkowitz* matter is scheduled for trial this summer and will likely resolve many of the same factual and legal issues that will ultimately be present in this case. Clearly, courts in

11

the Southern District of New York are "at home with the law" that must be applied as to those claims.

Unremarkably, courts considering such scenarios have concluded that a plaintiff's forum shopping is no reason to thwart the clear policy favoring upholding a bargained-for forum-selection clause. In *Jones v. Custom Truck & Equip., LLC*, No. 3:10-CV-611, 2011 WL 250997, at *6 (E.D. Va. Jan. 25, 2011), for example, the court considered a situation in which parties agreed to a mandatory forum-selection clause covering some claims in one jurisdiction, and a permissive forum-selection clause covering other claims in another jurisdiction. But that court, rather than split the claims or retain all of them, instead elected to transfer ***all*** the claims to the forum designated by the mandatory clause. *Id.* at *5-6. The court reasoned:

> The Consulting Agreement requires Jones and ACC to litigate any claims arising under it in the Western District of Missouri. Furthermore, splitting the action and permitting Jones and ACC to litigate other, factually related claims in this district would be patently wasteful. Considerations of judicial economy, convenience, and the interest in avoiding piecemeal litigation dictate transferring the remaining claims as well.

*Id.*; *see also Asphalt Paving Sys., Inc. v. Gen. Combustion Corp.*, No. 13-7318, 2015 WL 167378, at *6-7 (D.N.J. Jan. 13, 2015).

As the Supreme Court stated, when a defendant files a motion to transfer venue pursuant to a mandatory forum-selection clause, "a district court should transfer the case unless ***extraordinary circumstances*** unrelated to the convenience of the parties ***clearly disfavor*** a transfer." *Atlantic Marine*, 134 S. Ct. at 575 (emphasis added). No such extraordinary

circumstances exist here, let alone do they "clearly disfavor" a transfer to New York.[3]  *See, e.g.*,

*Lefkowitz*, 2013 WL 3061549, at \*5; *Jon Feingersh Photography*, 2014 WL 716723, at \*4.

### Conclusion

In light of the foregoing, the Court should promptly transfer this matter to the United

States District Court for the Southern District of New York in light of the binding forum-

selection clause applicable to the at-issue invoices.

Dated:  May 23, 2016                        Respectfully submitted,
New York, New York


                                            LEVINE SULLIVAN KOCH & SCHULZ, LLP


                                            By:    */s/ Christopher P. Beall*
                                                   Christopher P. Beall (*pro hac vice*)
                                                   321 West 44th Street, Suite 1000
                                                   New York, NY  10036
                                                   Tel:  (212) 850-6113
                                                   Fax:  (212) 850-6299
                                                   Email: cbeall@lskslaw.com

                                                   *Attorneys for Defendants McGraw-Hill*
                                                   *Global Education Holdings, LLC and*
                                                   *McGraw-Hill School Education Holdings,*
                                                   *LLC*

---

[3] Judge Brody's decision in *Pearson Education*, 978 F. Supp. 2d at 468, noted *supra* in fn. 1, did not address the *Atlantic Marine Construction* standard of "extraordinary circumstances" that "clearly disfavor" a transfer.  Rather, the decision in *Pearson Education* simply applied the prior, standard analysis under Section 1404(a).  *See* 978 F. Supp. 2d at 466.  As such, the *Pearson Education* decision is no longer persuasive authority.  Moreover, that case is easily distinguishable in light of the fact that Judge Brody concluded that none of the parties had a discernible connection with New York, 978 F. Supp. 2d at 467, whereas in this case, the third-party photo agency at issue in all of Mr. Keller's claims has very strong connections to New York, which is also the locale of the operative facts.  Hence, in stark contrast to the *Pearson Education* matter, the clear center of gravity of this case lies in New York.

## <u>CERTIFICATE OF SERVICE</u>

I, Christopher P. Beall, hereby certify that the foregoing was electronically filed with the

Clerk of the Court using the CM/ECF electronic filing system, which will send automated

notification of this filing to all counsel of record on this date.


Dated: May 23, 2016                          */s/ Christopher P. Beall*