IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| MICHAEL KELLER,<br><br>    Plaintiff,<br><br>    v.<br><br>McGRAW-HILL GLOBAL EDUCATION HOLDINGS, LLC, and McGRAW-HILL SCHOOL EDUCATION HOLDINGS, LLC,<br><br>    Defendants. | )<br>)<br>)<br>)<br>) Case No. 2:16-cv-01778-JHS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY
IN SUPPORT OF MOTION TO TRANSFER VENUE**

Defendants McGraw-Hill Global Education Holdings, LLC and McGraw-Hill School Education Holdings, LLC (collectively herein, "McGraw-Hill"), by and through their undersigned counsel, respectfully submit as supplemental authority in support of their pending transfer motion (Dkt. No. 8, May 23, 2016), the decision attached here as **Exhibit A** by the Hon. S. James Otero, in *Joseph Sohm v. McGraw-Hill Global Educ. Holdings, LLC, et al.*, No. 2:16-cv-01316-SJO-KS (C.D. Cal. June 6, 2016). In the *Sohm* case, Judge Otero considered the same issues raised in McGraw-Hill's transfer motion in this proceeding, including the applicability and impact of the Corbis forum-selection clauses in Corbis's invoicing and Corbis's agreements with McGraw-Hill. In his ruling, Judge Otero concluded that the photographer in that case "is bound by the agreements between Corbis and McGraw-Hill to litigate disputes in federal courts in New York," and he further concluded that "the interests of fairness, convenience, and justice favor

transferring this case to SDNY," including the various claims that were not based on Corbis invoicing.  *See* Ex. A at 5-6.

Dated:  June 8, 2016  
New York, New York

Respectfully submitted,

LEVINE SULLIVAN KOCH & SCHULZ, LLP

By: */s/ Christopher P. Beall*  
     Christopher P. Beall (*pro hac vice*)  
     321 West 44th Street, Suite 1000  
     New York, NY  10036  
     Tel:  (212) 850-6113  
     Fax:  (212) 850-6299  
     Email: cbeall@lskslaw.com

     *Attorneys for Defendants McGraw-Hill Global Education Holdings, LLC and McGraw-Hill School Education Holdings, LLC*

## **CERTIFICATE OF SERVICE**

     I, Christopher P. Beall, hereby certify that the foregoing was electronically filed with the Clerk of the Court using the CM/ECF electronic filing system, which will send automated notification of this filing to all counsel of record on this date.

Dated: June 8, 2016                          */s/ Christopher P. Beall*

# Exhibit A

## Copy of
## "Civil Minutes – General"
Order Granting Defendant's Motion To Transfer Venue To The Southern District Of New York

in
*Joseph Sohm v. McGraw-Hill Global Educ. Holdings, LLC, et al.*,
No. 2:16-cv-01316 (C.D. Cal. June 6, 2016)
The Hon. S. James Otero, presiding

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

**CASE NO.:** <u>CV 16-01316 SJO (AJWx)</u>   **DATE:** <u>June 6, 2016</u>

**TITLE:** <u>Joseph Sohm v. McGraw-Hill Global et al.</u>

========================================================================
**PRESENT:** THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz                                    Not Present
Courtroom Clerk                                     Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**        **COUNSEL PRESENT FOR DEFENDANT:**

Not Present                                         Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE TO THE SOUTHERN DISTRICT OF NEW YORK** [Docket No. 23]

This matter is before the Court on Defendants McGraw-Hill Global Education Holdings, LLC and McGraw-Hill School Education Holdings, LLC (collectively, "Defendants" or "McGraw-Hill") Motion to Transfer Venue ("Motion"), filed on April 25, 2016.  Plaintiff Joseph Sohm filed an opposition to the Motion ("Opposition") on May 23, 2016.  Defendant filed its Reply on May 27, 2016.  The Court found this matter suitable for disposition without oral argument and vacated the hearing set for June 13, 2016.  *See* Fed. R. Civ. P. 78(b).  For the following reasons, the Court **GRANTS** the Motion.

I.   <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

This is an action for copyright infringement, breach of contract, and breach of covenant of good faith and fair dealing brought by Plaintiff Sohm against Defendant McGraw-Hill.  McGraw-Hill purportedly used photographs that Plaintiff licensed to McGraw-Hill in a manner that infringed Plaintiff's copyrights and contravened the agreements entered between the parties.  Plaintiff alleges the following in his First Amended Complaint ("FAC").

   A.   <u>Parties</u>

Plaintiff Sohm is a professional photographer who licenses photographic images to publishers, including McGraw-Hill.  He resides in Oak View, California.  McGraw-Hill is a global publisher incorporated in Delaware.  (FAC ¶¶ 2-3, ECF No. 34.)

///
///

   B.   <u>Central Allegations</u>

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.:   <u>CV 16-01316 SJO (AJWx)</u>           DATE:   <u>June 6, 2016</u>

Between 1993 and 2012, Plaintiff sold McGraw-Hill licenses to use copies of his photographs in McGraw-Hill's educational publications. The licenses limited the number of copies, distribution area, language, duration, or media in which the photographs could be reproduced. (FAC ¶ 9.) Sohm also entered into agreements with stock photography agencies Corbis Corporation ("Corbis"), Jupiter Images Corporation ("Jupiter"), Photo Researchers, Inc., Picture Quest, Stock Boston, Inc., and The Image Works (collectively, the "Agencies"), authorizing the Agencies to grant licenses for certain photographs to McGraw-Hill. (FAC ¶ 10.)

Sohm alleges that, after obtaining the licenses, McGraw-Hill made wholesale or verbatim use of all of Sohm's photographs and exceeded the licensing agreements entered between Sohm and McGraw-Hill as well as the licensing agreements between the Agencies and McGraw-Hill. Specifically, McGraw-Hill purportedly printed more copies of the photographs than authorized, distributed publications containing the photographs outside of the authorized distribution area, published photographs in electronic or derivative publications without authorization, published photographs in international editions of textbooks or foreign publications without authorization, and used photographs beyond prescribed time limits. (FAC ¶¶ 11, 15.) McGraw-Hill also facilitated the international distribution of Sohm's photographs by transmitting them to third parties located outside of agreed-upon distribution territories. (FAC ¶¶ 19-28.) Sohm makes a total of 599 claims of copyright infringement against McGraw-Hill. 296 of the 599 claims are based on the actions taken by Corbis, one of the Agencies that he authorized to grant licenses to McGraw-Hill. (Opp'n 3.)

   C.   <u>Prior Proceedings</u>

On February 25, 2016, Plaintiff filed a Complaint in this Court, alleging claims of copyright infringement, breach of contract, and breach of the covenant of good faith and fair dealing. (*See generally* Compl., ECF No. 1.) On April 25, 2016, Defendants filed a Motion to Dismiss the Complaint. (*See generally* Mot. to Dismiss, ECF No. 20.) Plaintiff subsequently filed the FAC.

On April 25, 2016, McGraw-Hill also filed the instant Motion, seeking a transfer of venue to the United States District Court for the Southern District of New York ("SDNY"). In this Motion, McGraw-Hill primarily contends that many of the agreements entered between Plaintiff and Defendants contained a mandatory forum-selection clause, selecting federal courts located in New York as the exclusive forum for disputes. (Mot. 4.)

///
///
///
///

JS-6
# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

**CASE NO.:** <u>CV 16-01316 SJO (AJWx)</u>     **DATE:** <u>June 6, 2016</u>

II.   DISCUSSION

   A.   Legal Standard Governing Venue

For the convenience of the parties and witnesses and in the interest of justice, a district court may transfer a civil case to any other district where it could have originally been filed. 28 U.S.C. § 1404(a). The moving party bears the burden of showing that transfer is appropriate and "must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) (internal citations omitted).

Under section 1404, a court must conduct a two part analysis to determine if transfer is appropriate. *Kierstead v. Experian Info. Solutions, Inc.*, No. CV 10-01694 AG, 2011 WL 1375361, at *1 (C.D. Cal. Apr. 11, 2011). First, the district court must determine whether the action could have originally been filed in the potential transferee court. *Id.* (citations omitted); *see also Hoffman v. Blaski,* 363 U.S. 335, 342-43 (1960)). Second, the court must weigh the factors of convenience, fairness, and the interests of justice to determine whether the case should be transferred. *Kierstead*, 2011 WL 1375361, at *1; *accord Metz v. U.S. Life Ins. Co. in City of N.Y.*, 674 F. Supp. 2d 1141, 1145 (C.D. Cal. 2009); *see also Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000) (enumerating factors to consider under Section 1404).

   B.   Propriety of Transferee Court

In order to establish that Plaintiff's action could have been brought in SDNY, Defendants must show that at the time the lawsuit was filed: (1) the transferee court possessed subject matter jurisdiction over the action; (2) venue would have been proper in the transferee court; and (3) Defendant would have been subject to personal jurisdiction in the transferee court. *See Albertson v. Monumental Life Ins. Co.*, No. CV 08-05441 RMW, 2009 WL 3870301, at *2 (N.D. Cal. Nov. 16, 2009) (citing *Hoffman*, 363 U.S. at 343-44). The Court notes that Defendants did not address several of these factors in their briefing on the instant Motion. (*See* Opp'n 10.) Nevertheless, the factors favor Defendants' position, and Plaintiff could have brought this action in SDNY.

First, SDNY would have subject matter jurisdiction over this action because Defendants have demonstrated that the federal courts have federal question jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1338, and 28 U.S.C. § 1367. (*See* FAC ¶ 4.)

Second, venue would have been proper in SDNY. Venue is normally proper in: (1) a judicial district in which any defendant resides; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; or (3) if there is no district that satisfies (1) or (2), in any judicial district where the defendant is subject to the court's personal jurisdiction with

JS-6
# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

**CASE NO.:** CV 16-01316 SJO (AJWx)  **DATE:** June 6, 2016

respect to the action. 28 U.S.C. § 1391(b). Here, a substantial part of the events or omissions giving rise to the instant claim occurred in SDNY. *See* 28 U.S.C. § 1391(b)(2). Although McGraw-Hill is incorporated in Delaware, its textbooks are used widely in New York state. Additionally, several of the agreements at issue specify New York state as the forum selected to govern disputes.

Third, Defendants would be subject to personal jurisdiction in SDNY for the same reason that they are subject to personal jurisdiction in this District: they have purposefully availed themselves of the privilege of conducting business in New York state. *See Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008).

Accordingly, the Court holds that this action might have been brought in SDNY.

    B.    <u>Fairness, Convenience, and Justice Factors</u>

"Once a court determines that an action 'might have been brought' in the potential transferee court, the court must make an 'individualized, case-by-case determination of convenience and fairness" by considering various private and public interests. *Fontaine v. Wash. Mut. Bank, Inc.*, No. CV 08-05659 PSG, 2009 WL 1202886, at *3 (C.D. Cal. Apr. 30, 2009) (quoting *Jones*, 211 F.3d at 498). "[T]he Court must balance three general factors: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interest of justice." *Catch Curve, Inc. v. Venali, Inc.*, No. CV 05-04820 DDP, 2006 WL 4568799, at *1 (C.D. Cal. Feb. 27, 2006). "The Court construes these factors broadly to consider specific facts appropriate in a given case." *Id.* (citing *E. & J. Gallo Winery v. F. & P. S.p.A.*, 899 F. Supp. 465, 466 (E.D. Cal. 1994)). Ultimately, whether to transfer pursuant to Section 1404(a) lies within the discretion of the Court. *See Jones*, 211 F.3d at 498.

In the briefing before this Court, neither party clearly addresses fairness, convenience, and justice as separate issues. Instead, the parties lump the three factors together and discuss whether this Court should enforce a clause, contained in many of the agreements at issue in this litigation, which specifies that federal courts in New York are to be the exclusive forum for all disputes arising between Corbis and Defendants. 296 of Plaintiffs' total 599 claims of copyright infringement are governed by contracts that contain the following provision: "Any dispute regarding this Agreement shall be governed by the laws fo the State of New York . . . and the parties agree to accept the exclusive jurisdiction of the state and federal courts located in New York, New York, regardless of conflicts of laws." (Corbis Traditional Licensing Terms and Conditions, Ex. A 12, Decl. of Bonnie Bleacher in Supp. of Def.'s Mot., ECF No. 24.) Defendants contend that this clause is binding and requires transfer to SDNY. (*See generally* Mot.) Plaintiffs respond that the clause is only present in agreements between Corbis and Defendants, that Plaintiff resides in the Central District of California, and that one court in the Eastern District of Pennsylvania declined

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.: **CV 16-01316 SJO (AJWx)**             DATE: **June 6, 2016**

to transfer venue in factual circumstances extremely similar to the instant case.  (*See generally* Opp'n.)

After considering all of the arguments presented by the parties, the Court is persuaded by the presence of the forum-selection language in almost half of the agreements at issue.  The interests of fairness, convenience, and justice favor transfer to New York.  The Supreme Court provides clear guidance on this issue:  "When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause.  Only under extraordinary circumstances unrelated to the convenience of the parties should a §1404 motion be denied."  *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 581 (2013).

There are a four specific factors in this case that may counsel against transfer to SDNY, which the Court addresses below.

First, the 296 Agreements containing the forum-selection clause are between Corbis and Defendants, not between Plaintiff and Defendants.  One could argue that Plaintiff did not consent to the forum-selection clauses.[1]  This argument is not persuasive, however, because, as Plaintiff himself admits in the FAC, he entered agreements "authorizing [Corbis] to grant licenses for use of the Photographs to [McGraw-Hill.]" (FAC ¶ 10.)  This admission by Plaintiff essentially means that Corbis and Plaintiff entered into a principal-agent relationship.  Under agency law, Plaintiff was bound by the actions taken by his agent, Corbis, to enter a contract with McGraw-Hill.  *See Executive Sec. Mgmt., Inc. v. Dahl*, 830 F. Supp. 2d 883, 899 (C.D. Cal. 2011) ("Once an agency relationship is established, the principal can be held liable for the acts of its agent.")  In similar circumstances, the Ninth Circuit has held that a forum selection clause signed by an agent can restrict the principal to a designated forum.  *See TAAG Linhas Aereas de Angola v. Transamerica Airlines, Inc.*, 915 F.2d 1351, 1354 (9th Cir. 1990).  Thus, Plaintiff is bound by the agreements between Corbis and McGraw-Hill to litigate disputes in federal courts in New York.

Second, only 296 of Plaintiffs' total 599 claims of copyright infringement are governed by contracts that contain the forum-selection provision.  Plaintiff urges this Court to transfer the Corbis-related claims to SDNY and retain jurisdiction over the remaining claims.  (Opp'n 17.)  After the Supreme

---

[1] Although neither Plaintiff nor Defendants has provided this Court with copies of the agreements entered by Corbis and Plaintiff, Defendants contend that those agreements also specify the exclusive jurisdiction of New York because Corbis uses a standard form for such licensing.  (Mot. 5.)  The Court does not address this issue here because it holds that transfer is appropriate irrespective of the language in the contracts between Corbis and Plaintiff.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

**CASE NO.:** CV 16-01316 SJO (AJWx)    **DATE:** June 6, 2016

Court's decision in *Atlantic Marine*, several district courts have responded to motions to transfer venue by severing actions in this way.  *See* Stephen E. Sachs, *Five Questions After Atlantic Marine*, 66 Hastings L.J. 761, 773 (2015) (collecting cases).  This Court, however, determines that the interests of judicial efficiency and economy would not be served by splitting Plaintiff's claims between this Court and SDNY.  Separating Plaintiff's claims would lead to piecemeal litigation, contravening "the policy of the federal judiciary of promoting the consistent and complete adjudication of disputes."  *Frigate Ltd. v. Damia*, No. C-06-04734 CRB, 2007 WL 127996, at *3 (N.D. Cal. Jan. 12, 2007).  The Court is especially reluctant to sever the action because all of Plaintiff's claims essentially raise the same questions of law and fact.  *See Bronstein v. U.S. Customs & Border Prot.*, No. 15-CV-02399-JST, 2016 WL 861102, at *6 (N.D. Cal. Mar. 7, 2016) ("Lopping off the tort claims against Princess Cruise Lines would require that those claims be tried separately from Plaintiffs' substantively similar claims against the United States.")  The Court, therefore, transfers the entirety of Plaintiffs' claims to SDNY.

Third, Plaintiff contends that he resides and does business in Ventura County, California, and therefore, that the Central District of California is a significantly more convenient forum for him than SDNY.  (*See* Decl. of Joseph Soph in Opp'n to Mot. ¶¶ 2-7.)  In general, there is a presumption in favor of a plaintiff's choice of forum, and courts must give it great deference.  See *Decker Coal*, 805 F.2d at 843.  The Court is especially sympathetic to Plaintiff's concerns about travel costs and recognizes that McGraw-Hill is a large corporation, with the resources to litigate in either California or New York.  Nevertheless, the Court is bound by the forum selection clause applicable to almost half of the total claims brought by Plaintiff.  As the Supreme Court has held, in cases involving a valid forum-selection clause, "the plaintiff's choice of form merits no weight" and "a court evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests."  *Atl. Marine Const. Co.*, 134 S. Ct. at 582.

Fourth, the main case relied on by Plaintiff for his position against transfer is inapposite because it predates *Atlantic Marine.*  Plaintiff points to *Jon Feingersh Photography, Inc. v. Pearson Education, Inc.*, where a district court in the Eastern District of Pennsylvania declined to transfer venue in a case somewhat similar to the instant one.  978 F. Supp. 2d 463, 465 (E.D. Pa. 2013). *Jon Feingersh Photography*, however, was published on October 16, 2013, while the Supreme Court released *Atlantic Marine* on December 3, 2013.  For purposes of deciding the instant Motion, the Supreme Court has issued a clear directive to enforce forum selection clauses when adjudicating a motion to transfer venue.  *See Atl. Marine Const. Co.*, 134 S. Ct. at 582. Accordingly, because at least 296 of the total 599 claims involve a forum selection clause specifying federal courts in New York as the exclusive forum for disputes, the Court holds that the interests of fairness, convenience, and justice favor transferring this case to SDNY.

III.    RULING

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

**CASE NO.:** <u>CV 16-01316 SJO (AJWx)</u>     **DATE:** <u>June 6, 2016</u>

For the foregoing reasons, the Court **GRANTS** the Motion.

IT IS SO ORDERED.