IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL KELLER,

                Plaintiff,

    v.

MCGRAW-HILL GLOBAL
EDUCATION HOLDING, LLC, et al.,

                Defendants.

CIVIL ACTION
NO. 16-1778

## OPINION

**Slomsky, J.**                                                          **July 28, 2016**

## I.    INTRODUCTION

Plaintiff Michael Keller is a professional photographer. Through his work, he owns copyrighted photographs. Between 1990 and 2010, Plaintiff entered into contractual agreements with two companies known as The Stock Market ("TSM") and Corbis Corporation ("Corbis"). These companies are known as licensing agencies and specialize in licensing to third-parties photographs submitted to them by photographers. TSM and Corbis, in turn, entered into licensing agreements with Defendants McGraw-Hill Global Education Holdings, LLC and McGraw-Hill School Education Holdings, LLC (collectively, "Defendants") for the use of Plaintiff's photographs. Believing that Defendants exceeded the permissible use of the photographs under the licensing agreements with TSM and Corbis, Plaintiff has filed a Complaint against Defendants alleging copyright infringement.

In turn, Defendants have filed a Motion to Transfer Venue from this Court to the Southern District of New York pursuant to 28 U.S.C. § 1404(a).[1]  (Doc. No. 8.)  Defendants contend that a forum-selection clause was agreed to as a part of the licensing agreement, which states:

> **Choice of Law / Jurisdiction / Attorneys' Fees**: Any dispute regarding this Agreement shall be governed by the laws of the State of New York and Titles 15, 17, and 35 of the U.S.C., as amended and the parties agree to accept the exclusive jurisdiction of the state and federal courts located in New York, . . . regardless of conflicts of laws.

(Doc. Nos. 8-5 at 9; 8-6 at 8; 8-7 at 11.)  The forum-selection clause is contained in a document which is titled: "Amended Attachment A: Corbis Traditional Licensing Terms and Conditions" ("Terms and Conditions").[2]  (Doc. Nos. 8-5; 8-6; 8-7.)  The Terms and Conditions are attached to what are known as "pricing agreements."  The pricing agreements apply to the Invoice and License Agreements ("Licenses") at issue.  Plaintiff disputes that the forum-selection clause applies in this case. For the following reasons, the Court will grant Defendants' Motion to Transfer Venue, and the case will be transferred to the Southern District of New York.

## II.   BACKGROUND

Plaintiff Michael Keller is a professional photographer who creates and licenses photographs and a resident of Beach Lake, Pennsylvania.  (Doc. No. 1 ¶ 2.)  Defendants are

---

[1] 28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

[2] Over the years, the title of this document has changed, but the forum-selection clause within it has remained constant with one exception.   In 2003 and 2006, "New York, USA" was designated as the location for exclusive jurisdiction (Doc. Nos. 8-5 at 9; 8-6 at 8), while in 2009, "New York, New York" was designated as the location for exclusive jurisdiction (Doc. No. 8-7 at 11).  For purposes of Defendants' current Motion, they are interchangeable.

Delaware corporations that publish, among other things, educational textbooks and related products. (Doc. No. 10 ¶ 3.)

In 1988, Plaintiff entered into the first of several contracts with TSM, a stock-photo licensing agency. These contracts gave TSM the right to issue limited licenses for use of Plaintiff's stock-photos to third-parties.[3] (Doc. No. 1 ¶ 8, Ex. 2.) In or about 2001, Plaintiff's then-current TSM contract was assigned to Corbis. (Id. ¶ 10.) In 2003, Plaintiff entered into a contract, known as a representation agreement, directly with Corbis, which assigned Corbis the right to grant licenses to third-parties for limited use of Plaintiff's photos.[4] (Id. ¶ 11, Ex. 3.) TSM and Corbis are not parties to this action. (Id.)

Between 1990 and 2010, TSM and Corbis, on Plaintiff's behalf, issued limited licenses for Plaintiff's photos to Defendants. (Id. ¶ 12.) In the pricing agreements covering these licenses, a forum-selection clause was included:

> **Choice of Law / Jurisdiction / Attorneys' Fees:** Any dispute regarding this Agreement shall be governed by the laws of the State of New York and Titles 15, 17, and 35 of the U.S.C., as amended and the parties agree to accept the exclusive jurisdiction of the state and federal courts located in New York, . . . regardless of conflicts of laws.

(Doc. Nos. 8-5 at 9; 8-6 at 8; 8-7 at 11.)

On April 13, 2016, Plaintiff commenced the present action against Defendants. (Doc. No. 1.) The Complaint alleges that Defendants exceeded the parameters of the license agreements with respect to Plaintiff's photographs in various ways, including:

---

[3] These contracts all contain a forum-selection clause requiring that in the event a dispute arose, litigation shall take place solely in a court of competent jurisdiction in the State of New York. (Doc. No. 1-2 at 8, 17, 28, 40, 50.) While the contracts between Plaintiff and TSM have little weight in the current action, they are evidence that Plaintiff submitted to the jurisdiction of New York in relation to his photography business.

[4] This contract also contains a forum-selection clause designating courts sitting in New York City as the exclusive venue for potential disputes. (Doc. No. 1-3 at 7.)

a.  printing more copies of the Photographs than authorized;

b.  distributing publications containing the Photographs outside the authorized distribution area;

c.  publishing the Photographs in electronic, ancillary, or derivative publications without permission;

d.  publishing the Photographs in international editions and foreign publications without permission;

e.  publishing the Photographs beyond the specified time limits

(Doc. No. 1 ¶ 15.)  Specifically, the Complaint alleges that McGraw-Hill infringed copyrights in the following ways:

a.  [McGraw-Hill] licensed to print 57,000 copies of images in *Personal Finance, 7th Edition*. It printed 148,674.

b.  [McGraw-Hill] licensed to print 59,600 copies of images in *Computing Essentials, 2005, 16th Edition*. It printed 165,736 copies.

c.  [McGraw-Hill] licensed to print 100,000 copies of images in *Health and Wellness*, © 2005. It printed 250,790.

d.  [McGraw-Hill] licensed to print 100,000 copies of images in *Teen Health, 2007*. It printed 313, 226.

(Doc. No. 1 ¶ 19.)  On May 23, 2016, Defendants filed a Motion to Transfer Venue to the Southern District of New York pursuant 28 U.S.C. § 1404(a), citing the mandatory forum-selection clause noted above.  (Doc. No. 8.)  Plaintiff opposed the transfer, claiming the forum-selection clause was not applicable to the current copyright infringement claims (Doc. No. 13), and on June 21, 2016, a hearing on Defendants' Motion to Transfer Venue was held.  The Motion is now ripe for a decision and will be granted.  Accordingly, this case will be transferred to the Southern District of New York.

III.    STANDARD OF REVIEW

A district court may transfer an action to any other district "where it might have been brought" so long as the transfer is "[f]or the convenience of parties and witnesses" and "in the interest of justice."  28 U.S.C. § 1404(a).  Federal law governs the determination of whether to transfer venue pursuant to § 1404(a), as the issue is procedural rather than substantive.  See Jumara v. State Farm Ins. Co., 55 F.3d 873, 877 (3d Cir. 1995).

Ordinarily, in a case not involving a forum-selection clause, a court evaluates a § 1404(a) motion using such factors as the convenience of the parties and the relevant public interests.  Atl. Marine Constr. Co. v. U.S.  Dist. Ct. for W. Dist. Tex., 134 S. Ct. 568, 581 (2013).  "The calculus changes, however, when the parties' contract contains a valid forum-selection clause, which 'represents the parties' agreement as to the most proper forum.'"  Id.  (quoting Steward Org., Inc. v. Ricoh Corp., 487 U.S. 22 (1988)).  Because forum selection clauses are "bargained for by the parties," "a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases."  Id.  (internal quotation marks omitted).

Accordingly, the courts conduct a two-part analysis in deciding whether to enforce a forum-selection clause.  First, a district court must determine whether the forum-selection clause is valid and enforceable.  Atl. Marine, 134 S. Ct. at 581.  Forum-selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances" and is undermined by "fraud, undue influence, or overweening bargaining power."  Foster v. Chesapeake Ins. Co., 933 F.2d 1207, 1219 (3d Cir. 1991) (quoting M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 12 (1972)).

Second, a court must consider whether, pursuant to § 1404(a), "extraordinary circumstances" would hinder enforcement of the forum-selection clause.  Atl. Marine, 134 S. Ct.

5

at 581.  In considering whether extraordinary circumstances are present to avoid enforcement of a valid forum-selection clause, a court may consider "arguments about public-interest factors only," including "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." Id. at 581-82 n.6 (quoting Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 n.6 (1981)).

"The party defying the forum-selection clause . . . bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted," and must prove that public interest factors overwhelmingly disfavor transfer. Id. at 581.  Thus, Defendants' Motion to Transfer can only be defeated if Plaintiff can overcome its burden to show that: (1) the forum-selection clause is invalid; or (2) the public interest factors "overwhelmingly" disfavor transfer. Id. at 581-82.

## IV.    ANALYSIS

### A.  The Forum-Selection Clause Is Applicable to Plaintiff's Claims

Before considering the two-part analysis in deciding whether to enforce the forum-selection clause, the Court must determine whether the forum-selection clause at issue applies to Plaintiff's copyright infringement claims.  The parties disagree about whether the pricing agreements with the attached Terms and Conditions that contain the forum-selection clause, or whether the Licenses themselves are the principle documents that apply to Plaintiff's claims. Thus, the Court must determine if the forum-selection clause contained in the pricing agreement governs any of the relevant contracts and, if it does, the Court must "look to what the specific clause at issue says."  Wild v. Jungle Media Grp., No. 02-5123, 2004 WL 834695, at *7 (E.D. Pa. Mar. 17, 2004) (quoting Wyeth & Bro. Ltd. v. Cigna Int'l. Corp., 119 F.3d 1070, 1075 (3d Cir. 1997)).

Plaintiff's Opposition to Transfer is premised on three theories: (1) the forum-selection clause is inapplicable to the present action because it is contained in pricing agreements which are not relevant to his claims; (2) his claims fall outside the scope of the Licenses; and (3) the language of the forum-selection clause should be construed narrowly.  Plaintiff's arguments are unpersuasive.

For any court to address Plaintiff's copyright infringement claims, the Licenses issued to Defendants by TSM and Corbis first must be reviewed.  The Complaint alleges unauthorized use of photographs, and thus determining the use authorized by the Licenses is crucial.   The Licenses, however, resulted from and are anchored to the pricing agreements issued to Defendants by TSM and Corbis.  Those pricing agreements contain a forum-selection clause in the attached Terms and Conditions.  (Doc. Nos. 8-5 at 9; 8-6 at 8; 8-7 at 11.)  Because the Licenses are the byproduct of the pricing agreements, any contractual obligations contained therein would apply to the Licenses.

The language in the three pricing agreements supports this conclusion. The 2003 and 2006 pricing agreements state:

**Terms & Conditions for Volume-based Pricing:**

Attached hereto is a copy of Corbis' current Terms & Conditions ("T&C") as amended with respect to this letter Agreement.  In the event there is a conflict between the amended T&C and this letter Agreement, the unique terms of this letter Agreement will govern. The parties intend in the future to develop new Terms & Conditions to be applicable to this relationship as may be mutually agreed in good faith.

(Doc. 8-5 at 4; 8-6 at 3.)  The 2009 pricing agreement contains language to the same effect, stating:

**Terms & Conditions for Volume Based-Pricing:**

[A]ttached hereto is a copy of the Corbis' End User License Agreement [containing the forum-selection clause] with MHE [McGraw-Hill] ("Corbis-MHE EULA"). The terms of the Corbis-MHE EULA shall only apply to licenses granted by Corbis to MHE during the Pricing Term. All licenses granted after the expiration of the Pricing Term shall be governed by Corbis' then-current End User License Agreement.

(Doc. No. 8-7 at 6.)

In addition to these terms and agreements, the language in the pricing agreement states that it shall apply to any future licensing: "this agreement ("The Agreement") sets forth the understanding between Corbis Corporation ("Corbis") and McGraw-Hill Companies ("McGraw-Hill") with respect to future licensing." (Doc. Nos. 8-5 at 3; 8-6 at 2.)  While Plaintiff argues that the pricing agreements are irrelevant to consideration of his claims and rather that the Licenses apply, the forum-selection clause in the pricing agreements' Terms and Conditions does apply to the Licenses at issue in the present action.  Thus, the forum-selection clause applies to Plaintiff's claims regardless of whether the pricing agreements or the Licenses are controlling documents that pertain to Plaintiff's claims.

Plaintiff next contends that once Defendants exceeded the parameters of the Licenses, the relationship between the parties ended and the forum-selection clause became inapplicable to Plaintiff's current copyright infringement claims.  Plaintiff, relying on Marshall v. New Kids On The Block Partnership, insists that upon exceeding the permitted use of his photos as contained in the Licenses, Defendants became "strangers" to Plaintiff.  See 780 F. Supp. 1005 (S.D.N.Y. 1991).  The court in Marshall stated that "[c]ase law in this [Second] Circuit indicates that a copyright licensee can make himself a 'stranger' to the licensor by using the copyrighted material in a manner that exceeds either the duration or the scope of the license."  Id. at 1009. However, in Marshall, the question was whether the underlying dispute concerned federal

copyright law or state law, implicating the district court's subject matter jurisdiction.  Id.  More importantly, in Marshall, there was no forum-selection clause.  Id.

In the present action, the parties disagree about whether a forum-selection clause is applicable to a copyright infringement claim when Plaintiff alleges that Defendants exceeded the parameters of a license subject to that forum-selection clause.  Here, Plaintiff's claims are tied, however, to the Licenses and pricing agreements.  In order to evaluate the merits of Plaintiff's copyright infringement claim, the Licenses are of central importance.  At its core, Plaintiff's Complaint does not allege Defendants were strangers to the Licenses; to the contrary, it alleges Defendants violated Plaintiff's copyrights because of the existence of the Licenses.  In such a case, the Licenses are tied to Plaintiff's claims, and any forum-selection clause attached to them applies.

Finally, because the Court has determined that the Terms and Conditions containing the forum-selection clause pertains to both the pricing agreements and the Licenses and are thus relevant to Plaintiff's claims, "whether or not a forum selection clause applies depends on what the specific clause at issue says."  Wild, 2004 WL 834695, at *7.  Here, the forum-selection clause at issue designates New York as the exclusive venue for litigating "any dispute regarding this [pricing] [a]greement."  (Doc. Nos. 8-5 at 9; 8-6 at 8; 8-7 at 11.)  Plaintiff admits his "copyright infringement claims concern . . . [Defendants'] use beyond the terms of Licenses issued by The Stock Market and Corbis" (Doc. No. 13 at 7), and therefore this claim would fall under the purview of the forum-selection clause.  Moreover, the language of the forum-selection clause also states that Title 17 copyright claims are encompassed by it.  (Doc. No. 8-7 at 11.) See Lefkowitz v. John Wiley & Sons, Inc., No. 13-1662, 2013 WL 4079923, at *1 (E.D. Pa. Aug. 13 2013) (holding that copyright infringement claims are within the scope of a forum-

selection clause that explicitly covers disputes under Title 17); <u>Jon Feingersh Photography, Inc.</u> <u>v. Houghton Mifflin Harcourt Pub. Co.</u>, No. 13-2378, 2014 WL 716723, at *4 (E.D. Pa. Feb. 25, 2015) (same).  Therefore, the specific language of the forum-selection clause confirms that it applies to the copyright infringement claims.

Plaintiff still claims that "[t]his is not a dispute 'regarding' the price of a license, and so does not fall within the purview of the [pricing agreements]."  (Doc. No. 13 at 7.)  Plaintiff asks this Court to construe the language of the forum-selection clause narrowly—specifically, the phrase "regarding this Agreement"—and adopt the Second Circuit's holding in <u>Light v. Taylor</u>, 2007 WL 274798, at * 6 (S.D.N.Y Jan. 29, 2007), <u>aff'd</u>, 317 F. App'x 82 (2d Cir. 2009) (holding that the language of the Corbis forum-selection clause was "narrow in focus" and did not "encompass independent copyright claims").  In affirming the decision that the forum-selection clause did not "encompass independent copyright claims," the Second Circuit stated that "[f]orum selection clauses are enforced only when they encompass the claim at issue" and the plaintiff's "copyright claims are not governed by the forum selection clause because they do not encompass a dispute with respect to the Corbis agreement."  <u>Light</u>, 317 F. App'x at 83-84.

However, the facts in <u>Light</u> are distinguishable from those in the present case.  <u>Light</u> did not involve stock photographs but rather a single photograph of U.S. Senator John Kerry.  The plaintiff in <u>Light</u> did not argue that the defendant exceeded the parameters of a license but that the defendant altered the photograph which "effectively destroyed the integrity, identity and any commercial market for the Kerry image . . . since in the public's mind the original image has been superseded by, and completely confused with, the false, composite creation of the defendant."  <u>Light</u>, 2007 WL 274798, at *2.  The complaint in <u>Light</u> sought damages because of an alteration made to a photograph of a recognizable politician.  The court reasoned that "[t]he

Corbis User Agreement is merely a site usage agreement, and the Complaint does not allege [defendant] violated it." Id. at *6.   Indeed, the copyright claims in Light could be viewed as "independent" of that user agreement.

Here, Plaintiff's copyright infringement claims are not independent of the Corbis Licenses but rather dependent on them. The Complaint alleges copyright infringement because Defendants violated the Licenses by exceeding their parameters.   (Doc. No. 1 ¶ 16.)   Plaintiff's copyright claims encompass a dispute with respect to the Licenses.  As noted above, the validity of Plaintiff's claims will depend on the terms of the Licenses.  Also as noted above, those Licenses are subject to the forum-selection clause in the Terms and Conditions attached to the pricing agreements.  (Doc. Nos. 8-5; 8-6; 8-7.)   Therefore, Plaintiff's copyright infringement claims are not "independent" and therefore are subject to the forum-selection clause.

Both the Licenses and pricing agreements are subject to the forum-selection clause in the Terms and Conditions.  Furthermore, the language of the forum-selection clause specifically indicates that copyright disputes are encompassed by it and such claims shall be brought in the federal courts located in New York.  (Doc. Nos. 8-5 at 9; 8-6 at 8; 8-7 at 11.)  Therefore, the forum-selection clause is applicable to Plaintiff's claims and, "as the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted" by showing either the forum-selection clause is invalid or public-interest factors "overwhelmingly" disfavor transfer.  Atl. Maine, at 581-82.  As discussed below, Plaintiff has not met this burden.

### B.  The Forum-Selection Clause Is Valid and Enforceable

A forum-selection clause is considered to be "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances"

and is undermined by "fraud, undue influence, or overweening bargaining power." <u>Foster</u>, 933 F.2d at 1219.  When a valid forum-selection clause is present, Plaintiff, as the party defying the forum-selection clause, bears the burden of showing that the venue predetermined in clause is unwarranted using only public interest factors; private interest factors carry no weight.  <u>Atl. Marine</u>, 134 S. Ct. at 582.

Here, Plaintiff does not claim the contracts at issue were entered into as a result of "fraud, undue influence, or overweening bargaining power."  In fact, Plaintiff admits he entered into mutually advantageous agreements with TSM and Corbis authorizing them to license his photographs.  (Doc. No. 1 ¶¶ 8-11.)

Furthermore, "[i]t is widely accepted that non-signatory third-parties who are closely related to [a] contractual relationship are bound by forum selection clauses contained in the contracts underlying the relevant contractual relationship."  <u>First Fin. Mgmt. Grp., Inc. v. University Painters of Balitmore, Inc.</u>, No. 11-5821, 2012 WL 1150131, at *3 (E.D. Pa. April 5, 2012).  TSM and Corbis, on Plaintiff's behalf, issued the Licenses to Defendants that are now at the center of Plaintiff's Complaint.  As such, Plaintiff is a non-signatory third-party who is bound by the forum-selection clause because of his underlying contractual relationship with parties (TSM and Corbis) to the contracts.  Because of a lack of "fraud, undue influence, and overweening bargaining power," and because Plaintiff is bound as a non-signatory third-party, the forum-selection clause at issue is valid and enforceable.

When a defendant files a motion to transfer venue pursuant to 28 U.S.C. § 1404(a) in accordance with an applicable and valid forum-selection clause, "a district court should transfer the case unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer."  <u>Atl. Marine</u>, 134 S. Ct. at 575.  That is, "a court [] must deem the private-

interest factors to weigh entirely in favor of the preselected forum . . . [and] may consider arguments about public-interest factors only."  Id. at 582.  In the Third Circuit:

> [P]ublic interests have included: the enforceability of the judgment, 1A PT. 2 MOORE'S ¶ 0.345[5], at 4367; practical considerations that could make the trial easy, expeditious, or inexpensive, id.; the relative administrative difficulty in the two fora resulting from court congestion, id., at 4373; 15 WRIGHT, MILLER & COOPER § 3854; the local interest in deciding local controversies at home, 1A PT. 2 MOORE'S ¶ 0.345[5], at 4374; the public policies of the fora, see 15 WRIGHT, MILLER & COOPER § 3854; and the familiarity of the trial judge with the applicable state law in diversity cases, id.

Jumara v. State Farm Ins. Co., 55 F.3d 873, 879-80 (3d Cir. 1995).  Plaintiff, "as the party defying the forum-selection clause," has the burden of establishing that the situation is "extraordinary" because of public-interest factors.  Atl. Marine, 134 S. Ct. at 581.  "Because those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases."  Id. at 582.  In the present case, Plaintiff has not met his burden.

First, Plaintiff argues that due to court congestion in the Southern District of New York, the case should remain in this District.  (Doc. No. 13 at 13.)  The Court disagrees.  Simply because "cases tend to move faster" in the Eastern District of Pennsylvania than in the forum which was predetermined by the parties does not make this a rare exception to the policy strongly in favor of upholding forum-selection clauses.  (Id. at 14.)  Furthermore, as Defendants point out, "[t]his case is at the very earliest stages of litigation, and as a result, transfer would pose no particular administrative difficulties.  This Court has not yet decided any motions, or adjudicated any discovery disputes."  (Doc. No. 8-1 at 11.)  Thus, this factor does not "clearly disfavor transfer."

Second, Plaintiff argues "the interest in adjudicating local controversies at home weighs against transfer."  (Id.)  Plaintiff points out that he is a resident of Pennsylvania.  However,

Plaintiff is a resident of Beach Lake, Pennsylvania, located in the Middle District of Pennsylvania, not the Eastern District. Thus, Plaintiff's argument is unavailing. This factor, too, does not clearly disfavor transfer.

Plaintiff has made no other arguments disfavoring transfer with respect to the relevant public interest factors. The Court believes the remaining public interest factors are neutral in the transfer analysis. A judgment here would be equally as enforceable as a judgment in the Southern District of New York. Further, there is no reason to believe the public policies of the fora regarding copyright infringement claims are not the same.

Plaintiff has not provided any arguments regarding the relevant public interest factors which would counsel against the presumed application of a valid forum-selection clause. Therefore, this case will be transferred to the Southern District of New York pursuant to the forum-selection clause.

## V.   CONCLUSION

For the foregoing reasons, Defendants' Motion to Transfer Venue will be granted. The case will be transferred to the Southern District of New York. An appropriate Order follows.